[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15634
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-21060-JAL

EDGAR JOE SEARCY,

Plaintiff-Appellant,

versus

FIFTH JUDICIAL CIRCUIT COURT OF FLORIDA,
Sumter County,
TWENTIETH JUDICIAL DISTRICT COURT OF KANSAS,
Barton County,
JUDGE SOUTHERN DISTRICT OF FLORIDA,
Kevin Michael Moore,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 2, 2015)

Before HULL, MARCUS and JULIE CARNES, Circuit Judges.

PER CURIAM:

Edgar Searcy, a federal prisoner proceeding pro se, appeals the district court's dismissal of his civil rights suit brought pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971).[1]  Specifically, the district court dismissed Searcy's complaint without prejudice because it determined that he had filed three previous meritless suits and had failed to allege that he was in imminent danger of serious physical injury.

Under the Prisoner Litigation Reform Act ("PLRA"), a prisoner bringing a civil action is required to pay the full amount of the filing fee absent being authorized to proceed in forma pauperis ("IFP").  See 28 U.S.C. § 1915(b). Prisoners are only permitted to file three meritless suits using IFP status.  Id. § 1915(g).  The three strikes provision of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

---

[1]When appropriate, we will review a district court's dismissal under 28 U.S.C. § 1915(g) de novo.  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

2

On appeal, Searcy offers no argument regarding the district court's conclusion that he had three strikes or that he failed to show in his complaint that he was in imminent danger of serious physical injury.  Therefore, Searcy has abandoned any argument in this regard.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014) (concluding an appellant must clearly and specifically identify in his brief any issue he wants the appellate court to address, otherwise it will be deemed abandoned); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that while we construe pro se briefs liberally, issues not briefed by a pro se litigant are deemed abandoned).

Instead, on appeal Searcy argues that 28 U.S.C. § 1915(b) violates the Equal Protection Clause and § 1915(g) violates the Due Process Clause.  This Court has determined that § 1915(b) does not violate the Equal Protection Clause.  Mitchell v. Farcass, 112 F.3d 1483, 1488-90 (11th Cir. 1997).  In Rivera v. Allin, this Court concluded that § 1915(g) did not violate a prisoner's right to access to the courts, or his equal protection or due process rights.  Rivera v. Allin, 144 F.3d 719, 732 (11th Cir. 1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910 (2007).  In Rivera, this Court relied on Wilson v. Yalich, 148 F.3d 596, 605 (6th Cir. 1998), where the Sixth Circuit held § 1915(g) did not violate due process rights.  Since then, other circuits have held § 1915(g) does not violate due process.  See, e.g., Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002); Higgins v.

Carpenter, 258 F.3d 797, 798 (8th Cir. 2001); White v. Colorado, 157 F.3d 1226,

1232-35 (10th Cir. 1998).

Accordingly, Searcy's constitutional challenges are without merit.[2]

**AFFIRMED.**

---

[2]We DENY Searcy's motion for summary reversal.